# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bayan Aleksey, # 5059, | ) | Misc. No. 5:14-00200-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This death penalty habeas corpus matter is before the court on Petitioner's Motion for Stay and Appointment of Counsel, and also on his Motion for Leave to Proceed *in forma pauperis*, both filed on June 26, 2014. (ECF Nos. 1, 2.) Respondent submitted a Response to the Motion for Stay and Appointment of Counsel on July 14, 2014. (ECF No. 8.) Petitioner filed a Reply to the Response on July 23, 2014. (ECF No. 14.)

    **1.**    **MOTION FOR LEAVE TO PROCEED *in forma pauperis***

Petitioner requests to proceed without prepaying the filing fee by filing a completed and signed Form AO 240, which is construed as a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 2.) Based on a review of the motion, Petitioner's request to proceed *in forma pauperis* is **GRANTED**.

    **2.**    **MOTION TO STAY**

Petitioner's execution date has not yet been set, but he states that it will be an "imminent execution." (ECF No. 1 at 1, 5.) Petitioner asks the court to enter a stay of execution to provide his counsel sufficient time to prepare, submit, and prosecute on his behalf a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1 at 1.) Petitioner does not request a specific length

1

of time for the requested stay. Thus, as of this date it appears that Petitioner requests that the court stay his imminent, yet unscheduled, execution.[1]

Respondent asserts that the Supreme Court of South Carolina likely will not issue an execution notice in light of the Motion for Stay of Execution filed before this court. (ECF No. 8 at 1 & n.1.) Thus, Respondent asserts that Petitioner is essentially seeking a stay of issuance of the execution notice. (*Id.* at 19.) Respondent does not oppose a stay in this matter, but he asserts that the stay should be limited at this time to ninety (90) days as provided by 28 U.S.C. § 2251(a)(3). (ECF No. 8 at 20.) Respondent also asserts that "this Court should order the petition be filed within that time and allow Petitioner additional time to seek a further stay under the provisions of 28 U.S.C. [§] 2251(a)(1)." (ECF No. 8 at 21.) Notably, Respondent agrees with Petitioner that only seventeen (17) days of the one-year limitations period under 28 U.S.C. § 2244 for filing habeas corpus petitions pursuant to 28 U.S.C. § 2254 lapsed between his state conviction becoming final and the filing of his initial PCR action. (*Id.* at 19; *see* ECF No. 1 at 2.) Petitioner replies with an objection to Respondent's request that the court require his habeas petition to be filed within ninety (90) days, contending that Petitioner has a considerably longer period of time remaining on his statute of limitations period, that there is no requirement for such a limited filing period under 28 U.S.C. § 2251, and that any such limit on his filing period is contrary to this court's practice in previous death-penalty related cases. (ECF No. 14 at 1-3.)

A stay of execution for a sentence of death imposed by a court of a state is governed by 28

---

[1] **If an execution date has been scheduled, or if one is scheduled at any time in the future while this case is pending, attorneys for Petitioner and Respondent are directed to promptly notify the court.**

U.S.C. § 2251(a)(1) and (a)(3).[2] *See Gray v. Kelly*, 131 S. Ct. 2956 (2011) (citing 28 U.S.C. § 2251(a)(3)); *McFarland v. Scott*, 512 U.S. 849 (1994); *Powell v. Kelly*, 492 F. Supp. 2d 552, 556–57 (E.D. Va. 2007) (applying 28 U.S.C. § 2251(a)(3)); Donald E. Wilkes, Jr., *Federal Postconviction Remedies Handbook* § 7:20 (May 2013) (explaining that the Patriot Act amended 28 U.S.C. § 2251 to expressly ratify the holding in *McFarland*). "The federal habeas corpus statute grants any federal judge 'before whom *a habeas corpus proceeding is pending*' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" *McFarland*, 512 U.S. at 857 (citing 28 U.S.C. § 2251) (emphasis in original). When a capital defendant invokes his or her right to counsel under 28 U.S.C. § 2251, a federal court has jurisdiction to issue a stay of execution. *See* 28 U.S.C. § 2251(a)(3); *McFarland*, 512 U.S. at 858 ("once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution"). As mentioned previously and discussed in more detail below, Petitioner also requests appointment of Teresa L. Norris and Elizabeth Franklin-Best of Columbia, South Carolina to represent him in the preparation and filing of a timely petition for habeas relief. Thus, Petitioner has invoked his right to appointed counsel and, therefore, this "federal court also has jurisdiction under § 2251 to enter a stay of execution." *McFarland*, 512 U.S. at 858; *see also* 28 U.S.C. § 2251(a)(3).

The court finds that Petitioner should be granted a stay of execution for ninety (90) days

---

[2] Chapter 154 of Title 28 contains special habeas corpus procedures in capital cases if specified criteria are met. *See* 28 U.S.C. §§ 2261–2266. The USA Patriot Improvement and Reauthorization Act of 2005, Pub. L. No. 109-177, 120 Stat. 192 (2006), amended Chapter 154 to shift the eligibility determination from the federal courts to the Attorney General of the United States. *See* 28 U.S.C. § 2261(b). The United States Department of Justice issued regulations on the Certification Process for State Capital Counsel Systems, effective October 23, 2013. 28 C.F.R. §§ 26.20 through 26.23. According to Respondent, South Carolina has not applied for or received certification under the regulations; thus, this Order is drafted with the understanding that Chapter 154 is not applicable in this case. (ECF No. 8 at 18 n.3.)

from the date counsel is appointed as prescribed by 28 U.S.C. § 2251(a)(3). Additionally, prior to the expiration of the ninety (90) day stay of execution, Petitioner should seek a longer stay of execution pursuant to 28 U.S.C. § 2251(a)(1), if needed, in order to submit his habeas petition within his § 2244 limitations period, to allow Respondent to file a response to his submission, and to allow the court to rule on the merits of the petition. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) ("If the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot.").

### 3. MOTION TO APPOINT COUNSEL

Petitioner seeks appointment of Teresa L. Norris and Elizabeth Franklin-Best, both of Columbia, South Carolina, as counsel pursuant to 18 U.S.C. § 3599 prior to the filing of a habeas petition and in order to pursue federal habeas corpus remedies and because he is financially unable to obtain adequate representation. (ECF No. 1 at 2, 4-6; ECF No. 2.) Both Ms. Norris and Ms. Franklin-Best are currently members of the court's Criminal Justice Act ("CJA") Death Penalty panel of attorneys. Ms. Franklin-Best is a member of the CJA Death Penalty panel of attorneys designated lead counsel, and Ms. Norris is currently a member of CJA Death Penalty panel of attorneys designated second chair.[3]

#### A. Qualifications of Counsel

The qualifications for appointed counsel in capital cases are governed by 18 U.S.C. § 3599 and the Plan of the United States District Court for the District of South Carolina for Implementing the Criminal Justice Act. *See In re Amendments to the Plan of the U.S. Dist. Ct. for the Dist. of S.C. for Implementing the Criminal Justice Act*, No. 3:10-mc-5005-CIV (D.S.C. May 5, 2010) ("CJA

---

[3] The court refers to the CJA Death Penalty Panel Attorney List revised April 14, 2014.

Plan"). The statutory authority for the federal courts to appoint legal counsel for indigent, death-sentenced prisoners seeking habeas corpus relief is contained in the following relevant portions of 18 U.S.C. § 3599:

> (a)(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f). . . .
>
> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
>
> (d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

Courts interpreting the appointment-of-counsel provisions of § 3599 have held that this "provision grants a first time, indigent, capital habeas corpus petitioner 'a mandatory right to qualified legal counsel.'" *Staton v. Folino*, No. 3:11-cv-00144, 2011 WL 5085029, at *1 n.1 (W.D. Pa. Oct. 26, 2011). Also, the United States Supreme Court has held that an attorney's assistance in preparing a capital habeas petition is crucial, owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *McFarland v. Scott*, 512 U.S. at 855–56. In particular, the *McFarland* Court stated, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858. At least one federal district court and one federal circuit court of appeals have construed the language of § 3599 as allowing appointment of counsel under subsection (d) either "alternatively or in addition" to an

appointment under subsection (c). *See In re Lindsey*, 875 F.2d 1502, 1057 n.3 (11th Cir. 1989); *United States v. Sampson*, No. CR. 01-10384-MLW, 2008 WL 2563374, at *1 (D. Mass. June 25, 2008) (noting that the *Guide to Judicial Policies and Procedures*, vol. 7, ch. VI, §6.01(C)(3) describes § 3599(d) as a "waiver" provision, allowing appointment of an attorney whose experience level does not technically meet the requirements of §3599(c)). The CJA Plan further requires "in appointing counsel for death-sentenced state prisoners, consideration will be given to attorneys who are members of the first-tier of the death penalty CJA panel, which shall be maintained by the Office of the Clerk of Court. However, the court shall not be precluded from making appointments from the second-tier death penalty CJA panel or from the general CJA panel." *See* CJA Plan at 19.

The statute provides for appointment of "one or more" counsel. 18 U.S.C. § 3599(a)(1)(B), (a)(2). As previously stated, Petitioner seeks appointment of Ms. Franklin-Best and Ms. Norris as counsel for this § 2254 habeas case, and, without specifying whether either counsel meet the requirements set forth in 18 U.S.C. § 3599(c) or (d), he alleges that Ms. Norris previously served as Director of the Center for Capital Litigation in Columbia, South Carolina; has represented over forty (40) clients in capital cases in every stage of the proceedings; and has been appointed as lead counsel in capital habeas proceedings in the District Court of South Carolina at least six (6) times, where she also served as lead counsel on five (5) of those cases in the Fourth Circuit Court of Appeals. (ECF No. 1 at 4.) Petitioner also states that Ms. Norris was appointed as lead counsel in a capital direct appeal in the United States District Court for the Eastern District of Virginia in 2011. (ECF No. 1 at 4 (citing *United States v. Runyon*, No. 09-11 (E.D. Va.)).) As previously stated, Ms. Norris is a member of the court's CJA Death Penalty panel of attorneys and designated second chair. It appears that she meets all of the experience requirements of 18 U.S.C. § 3599(d).

Also, according to Petitioner, Ms. Franklin-Best is a licensed attorney in the states of New York and South Carolina. (ECF No. 1 at 4.) She is a member of the Bars of this court, the Fourth Circuit Court of Appeals, and the United States Supreme Court. (*Id*.) She worked as a part-time public defender in both New York and South Carolina; as an associate in a private law firm in Columbia, South Carolina; as an assistant appellate defender with the South Carolina Commission on Indigent Defense, Appellate Division, and she is currently a partner with Ms. Norris in the law firm of Blume Norris & Franklin-Best, LLC in Columbia, South Carolina. (*Id*.) Ms. Franklin-Best has served as second counsel in several State of South Carolina capital appeals: *South Carolina v. Barnes*, 753 S.E.2d 545 (S.C. 2014); *South Carolina v. Winkler*, 698 S.E.2d 596 (S.C. 2011); *Weik v. South Carolina* (pending); *South Carolina v. Starnes*, 698 S.E.2d 604 (S.C. 2010); *Vasquez v. South Carolina*, 698 S.E.2d 561 (S.C. 2010). (ECF No. 1 at 4-5.) Ms. Franklin-Best also represented Petitioner as his appellate attorney in connection with a petition for writ of certiorari to the South Carolina Supreme Court, and she is currently appointed counsel in two other death penalty-related cases in this court: *Terry v. Byars*, No. 4:12-cv-01798-SB-TER (D.S.C.); *Bryan v. Byars*, No. 1:13-2655-CMC-SVH (D.S.C.). (ECF No. 1 at 5.) As previously stated, Ms. Norris is a member of this court's CJA Death Penalty panel of attorneys and designated first chair. It appears that she meets all of the experience requirements of 18 U.S.C. § 3599(d).

Although Respondent takes no position on who should be appointed as counsel for Petitioner in this matter, Respondent submits that Ms. Franklin-Best should have knowledge of and familiarity with Petitioner's case due to her participation in Petitioner's state PCR proceedings as appellate counsel. (ECF No. 8 at 21.) Respondent further recognizes that Ms. Norris is experienced in the capital litigation field and that "both counsel should have a familiarity with the case as a whole

which would likely allow for more efficient representation in this action." (*Id.*) Based on their stated and known experience and on the lack of objection from Respondent, the court finds that both Ms. Norris and Ms. Franklin-Best are qualified to represent Petitioner under the statutory requirements of § 3599 and the court's CJA Plan.

B.     Cost Containment and Budgeting

On February 28, 2012, pending receipt and consideration of public comments, the Judicial Council of the United States Court of Appeals for the Fourth Circuit stayed the implementation of a resolution it had previously adopted governing review of attorney compensation requests in death penalty habeas corpus cases that it had previously adopted. Judicial Council of the Fourth Circuit, http://www.ca4.uscourts.gov/pdf/suspension-resolution-attorney-compensation-capital-cases.pdf (notice of suspension of resolution's March 1, 2012 effective date; last consulted July 15, 2014); *see also* Judicial Council of the Fourth Circuit, http://www.ca4.uscourts.gov/pdf/notice-of-special-procedures-for-reviewing-attorney-compensation-capitalcases.pdf. (January 4, 2012 notice issued attaching originally adopted resolution dated December 6, 2011; last consulted July 15, 2014 ). Under this yet-to-be-implemented resolution, any request for compensation in excess of $100,000.00 per attorney at the district court level is presumptively excessive.

Even though the subject resolution has not yet been formally implemented, the court cautions appointed counsel to make every effort to contain expenses and fees in this matter below the presumptively excessive figure to the extent they can do so without detracting from their vigorous representation of the Petitioner's positions in this case. Toward that end, counsel shall submit a confidential proposed litigation budget within thirty (30) days of the date of this Order to Claire Woodward O'Donnell, Panel Administrator, at the Federal Public Defender's Office in Columbia,

South Carolina.[4] The proposed budget shall estimate the number of hours counsel anticipates expending for the following stages of the litigation: (1) preparation and filing of the petition for habeas corpus; (2) preparation of legal memoranda in opposition to Respondent's return; and (3) evidentiary hearing, if one is sought. The proposed budget shall also contain cost estimates for investigative, expert, or other services, including law clerks and paralegals, if any. Additionally, counsel shall submit interim payment vouchers every sixty (60) days so that costs and fees may be monitored.

Accordingly, the court orders the following:

Teresa L. Norris, Esquire, and Elizabeth Franklin-Best, Esquire, are appointed as Petitioner's counsel;

Petitioner's Motion for Stay of Execution is **GRANTED** for ninety (90) days pursuant to 28 U.S.C. § 2251(a)(3);

Prior to the expiration of the ninety (90)-day stay of execution, Petitioner may seek a longer stay of execution pursuant to 28 U.S.C. § 2251(a)(1), if needed, to file his habeas petition and to allow the court to rule on the merits of the petition; and

The Clerk of Court shall assign a civil action number to this case and shall notify the undersigned to review the stay of execution twenty (20) days prior to the expiration of the ninety (90) day stay of execution.

This matter is referred to the assigned United States Magistrate Judge for preliminary proceedings, including setting a briefing schedule.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

July 28, 2014
Columbia, South Carolina

---

[4] Contact information for the Federal Public Defender's Office: BB&T Bank Building, 1901 Assembly St., Suite 200, Columbia, SC 29201; Phone: (803) 765-5070; Fax: (803) 765-5084.